No. 24-60615

# United States Court of Appeals for the Fifth Circuit

UNION CARBIDE CORPORATION,
*Petitioner*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY; MICHAEL S. REGAN,
*Respondents*.

On Petition for Review of Agency Action of the
United States Environmental Protection Agency

**PETITIONER UNION CARBIDE CORPORATION'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS**

|  |  |
|---|---|
|  | Roman Martinez |
|  | Julia A. Hatcher |
|  | Stacey VanBelleghem |
|  | LATHAM & WATKINS LLP |
|  | 555 Eleventh Street, NW |
|  | Suite 1000 |
|  | Washington, DC 20004 |
|  | (202) 637-2200 |
| January 21, 2025 | roman.martinez@lw.com |

*Counsel for Petitioner Union Carbide Corporation*

# CERTIFICATE OF INTERESTED PERSONS

*Union Carbide Corporation v. United States Environmental Protection Agency*,
No. 24-60615

The undersigned counsel of record certifies that the following listed persons and entities as described in the fourth sentence of Fifth Circuit Rule 28.2.1 have an interest in the outcome of this case. These representations are made in order that the judges of this Court may evaluate possible disqualification or recusal:

1. **Petitioner:**

    Union Carbide Corporation

2. **Respondents:**

    United States Environmental Protection Agency

    Michael S. Regan

3. **Additional Interested Entities:**

    Dow Chemical Company (Petitioner Union Carbide Corporation's Parent Corporation)

4. **Counsel for Petitioner:**

    Roman Martinez, Julia A. Hatcher, Stacey VanBelleghem, LATHAM & WATKINS LLP, 555 Eleventh Street, NW, Suite 1000, Washington, DC 20004

5. **Counsel for Respondents:**

    Brandon N. Adkins, Dimple Chaudhary, Katherine E. Konschnik, ENVIRONMENTAL DEFENSE SECTION, ENVIRONMENT AND NATURAL RESOURCES DIVISION, U.S. DEPARTMENT OF JUSTICE, P.O. Box 7611, Washington, DC 20004

Jori Reilly-Diakun, Bridget Eklund, OFFICE OF GENERAL COUNSEL, U.S. ENVIRONMENTAL PROTECTION AGENCY, Washington, DC

Dated: January 21, 2025

/s/ Roman Martinez
Roman Martinez
*Attorney of record for Petitioner*

# PETITIONER UNION CARBIDE CORPORATION'S MOTION FOR EXTENSION OF TIME TO FILE RESPONSE TO MOTION TO DISMISS

Pursuant to Federal Rule of Appellate Procedure 27 and Fifth Circuit Rule 26.2, Petitioner Union Carbide Corporation respectfully moves the Court for a 75-day extension of time to file a response to Respondents' Motion to Dismiss, ECF No. 23, to and including April 14, 2025. *See* Fed. R. App. P. 26(a)(1)(C). Alternatively, Union Carbide respectfully requests a 14-day extension, to and including February 10, 2025. Counsel for Respondents indicates that they do not oppose a 14-day extension. In support of this motion, Union Carbide states as follows:

1. On December 2, 2024, Union Carbide filed a petition for review of three actions finalized by the United States Environmental Protection Agency (EPA) in November 2024: (1) EPA's Unreasonable Risk Determination for 1,4-Dioxane; (2) Section 6.5 of that risk determination, a final order withdrawing the Toxic Substances Control Act Section 6(i)(1) final order that EPA issued in its December 2020 Final Risk Evaluation for 1,4-Dioxane; and (3) EPA's Supplement to the Risk Evaluation for 1,4-Dioxane. *See* ECF No. 1. EPA issued these actions "[in] accordance with" President Biden's "Executive Order 13990 and other Administration priorities." Unreasonable Risk Determination for 1,4-Dioxane 6 (November 2024) (citing President Biden's Executive Orders 13985, 13990, and 14008).

2. On January 17, 2025, Respondents filed a motion to dismiss the petition. *See* ECF No. 23.

3. Pursuant to Federal Rule of Appellate Procedure 27(a)(3), Union Carbide's response to the motion to dismiss is due on January 27, 2025.

4. On January 20, 2025, President Trump issued various presidential memoranda that now require EPA to reconsider the 1,4-dioxane actions at issue in this case. In particular, President Trump revoked President Biden's Executive Order 13990 (January 20, 2021), the environmental policy directive that prompted EPA to undertake the challenged actions. *See* Initial Rescissions of Harmful Executive Orders and Actions (January 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/initial-rescissions-of-harmful-executive-orders-and-actions/. President Trump likewise revoked President Biden's Executive Orders 13985 and 14008 (January 20, 2021). *Id.*

President Trump also issued a separate memorandum directing all federal agencies to "[c]onsider postponing for 60 days from the date of this memorandum the effective date for . . . any rules that have been issued in any manner but have not taken effect, for the purpose of reviewing any question of fact, law, and policy that the rules may raise." Regulatory Freeze Pending Review (January 20, 2025), https://www.whitehouse.gov/presidential-actions/2025/01/regulatory-freeze-pending-review/. That memorandum requires EPA to consider whether to delay

implementation of the challenged 1,4-dioxane actions, which have not yet taken effect due to the Congressional Review Act (CRA). Section 801(a)(1)(A) of the CRA states that "[b]efore a rule can take effect," it must be submitted to "each House of the Congress and to the Comptroller General" for review. 5 U.S.C. § 801(a)(1)(A). EPA's motion to dismiss does not dispute that the 1,4-dioxane actions at issue qualify as "rule[s]" under the broad definition of "rule" set forth in the Administration Procedure Act and incorporated by the CRA. *See id.* §§ 551(4), 804(3); ECF No. 1 at 2. And none of the challenged actions has been submitted to Congress under Section 801(a)(1)(A). The actions have thus not yet "take[n] effect" under the plain text of the CRA, and they are subject to President Trump's reconsideration directive.

5. On January 20, 2025, Union Carbide sent a letter to EPA requesting that EPA withdraw its motion to dismiss this case in light of President Trump's memoranda requiring EPA's reconsideration of the November 2024 actions on 1,4-dioxane and the substantial uncertainty over the ongoing viability of those actions. Alternatively, and in the interim, Union Carbide asked EPA to consent to a 75-day extension of time for Union Carbide to file a response to the motion to dismiss.[1]

---

[1] Union Carbide's letter also asks EPA to clarify its view on the status of the challenged 1,4-dioxane actions under the CRA. As noted above, a plain reading of the CRA establishes that those actions have not yet "take[n] effect," because they have not been submitted to Congress or the Comptroller General. 5 U.S.C.

3

6. Union Carbide and EPA currently are discussing the impact of President Trump's memoranda on this litigation. Counsel for EPA indicated that EPA does not oppose a 14-day extension of time to file a response, to and including February 10, 2025.

7. Union Carbide thus respectfully requests a 75-day extension of time to file a response, to and including April 14, 2025. This extension is warranted to give EPA time to reconsider the November 2024 actions on 1,4-dioxane, as required by President Trump's memoranda, without burdening the parties and this Court with a motion to dismiss that may be unnecessary if the challenged actions are withdrawn.

8. At a minimum, Union Carbide respectfully requests a 14-day extension of time to file a response, to and including February 10, 2025. Union Carbide's counsel have been addressing and must continue to address the heavy press of business, and they have several personal and professional obligations in the upcoming days, including pre-planned travel and other commitments. This

---

§ 801(a)(1)(A). As a result, the actions are not "operative" and cannot be "implement[ed]" by EPA. *Liesegang v. Sec'y of Veterans Affs.*, 312 F.3d 1368, 1376 (Fed. Cir. 2002); *see also* 104th Cong. Rec. S3683, S3686 (1996) (noting that courts have authority to "recognize that a rule has no legal effect due to the operation of [5 U.S.C. §] 801(a)(1)(A)"). Nonetheless, EPA appears to be treating the challenged actions as having triggered TSCA's process for developing a further risk-management rule. *See* ECF No. 23 at 6 ("EPA is in the early stages of risk-management actions to address the unreasonable risk it identified for 1,4-dioxane."). This appears to violate the CRA.

extension also will give Union Carbide sufficient time to prepare a thorough response to the important issues of first impression raised in EPA's motion to dismiss (unless the motion is withdrawn). Counsel for EPA indicated that EPA does not oppose this request.

9. This is Union Carbide's first request for an extension. This request is made in good faith and not for the purposes of delay, and the Court's grant of this motion will not prejudice any party.

*   *   *

For the stated reasons, Union Carbide respectfully requests that the Court grant this motion for a 75-day extension of time, to and including April 14, 2025, within which to file a response to Respondents' Motion to Dismiss. Alternatively, Union Carbide requests that this Court grant a shorter extension of 14 days.

January 21, 2025                                       Respectfully submitted,

 /s/ Roman Martinez                    
Roman Martinez  
Julia A. Hatcher  
Stacey VanBelleghem  
LATHAM & WATKINS LLP  
555 Eleventh Street, NW  
Suite 1000  
Washington, DC 20004  
(202) 637-2200  
roman.martinez@lw.com

*Counsel for Petitioner Union Carbide Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that on January 21, 2025, the foregoing motion was electronically filed with the United States Court of Appeals for the Fifth Circuit through the Court's CM/ECF system. All parties are represented by registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Roman Martinez*
Roman Martinez

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) because it contains 1,078 words, excluding the parts of the motion exempted by Fifth Circuit Rule 32.2.

This document complies with the typeface requirements and type-style requirements of Federal Rule of Appellate Procedure 32(a) because it has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman.

Dated: January 21, 2025        */s/ Roman Martinez*
                               Roman Martinez