# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

UNION CARBIDE CORPORATION,

    *Petitioner*,

  v.

U.S. ENVIRONMENTAL PROTECTION AGENCY and LEE ZELDIN, Administrator of the U.S. Environmental Protection Agency,

    *Respondents*.

Case No. 24-60615

## UNOPPOSED MOTION TO EXTEND ABEYANCE PERIOD PENDING AGENCY RECONSIDERATION

Respondents United States Environmental Protection Agency and Administrator Lee Zeldin ("EPA") respectfully move to extend the abeyance until thirty days after EPA completes its reconsideration of actions challenged in this petition, with status reports due every ninety days after an order granting this motion. This motion is unopposed. In support of this motion, EPA states:

    1.    The petition challenges three actions EPA took under the Toxic Substances Control Act: (1) a supplement to a risk evaluation for 1,4-dioxane; (2) a revised determination that 1,4-dioxane presents unreasonable risk; and (3) an order withdrawing EPA's previous determination that certain conditions of use for 1,4-dioxane do not present unreasonable risk. 89 Fed. Reg. 89993 (Nov. 14, 2024).

2. In January 2025, EPA asked the Court to place this case in abeyance for ninety days to allow the Agency to brief new administration officials with decision-making responsibility about this case and the issues presented. ECF No. 39. The Court granted EPA's unopposed motion, ECF No. 48, and then extended the abeyance for another thirty days, ECF No. 58. Motions to govern are thus due May 29, 2025. ECF No. 48.

3. EPA has now decided that the actions challenged in this petition should be reconsidered and respectfully requests to extend the abeyance to allow the Agency to complete reconsideration proceedings. *See* Beck Decl. ¶ 5.

4. This court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706 (1997); *see also Landis v. N. Am. Co.*, 299 US. 248, 254 (1936). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis*, 299 U.S. at 256.

5. Agencies have inherent authority to reconsider past decisions and to revise, replace, or repeal a decision to the extent permitted by law and supported by a reasoned explanation. *FCC v. Fox Television Stations, Inc.*, 556 U.S. 502, 515 (2009); *Motor Vehicle Mfrs. Ass'n v. State Farm Mutual Auto. Ins. Co.*, 463 U.S. 29, 42 (1983).

6. Abeyance is warranted here. EPA intends to reconsider certain science issues underlying the risk evaluation for 1,4-dioxane and is issuing a proposed revision to its separate but related risk evaluation framework rule. Beck Decl. ¶¶ 8–9. The outcome of those proceedings may impact the actions challenged in this petition. *Id.* ¶ 10. EPA expects the reconsideration process to take between twelve and twenty-four months. *Id.* ¶ 11.

7. Extending the abeyance while EPA completes its reconsideration process will result in a more orderly implementation of the Toxic Substances Control Act program. It may also save the Court and the parties from expending unnecessary resources litigating issues if one or more of the challenged actions are revised or withdrawn at the conclusion of the reconsideration process.

8. No party will be prejudiced by the relief requested in this motion. Undersigned counsel conferred with Petitioner's counsel. Petitioner does not oppose the requested abeyance.

9. For these reasons, EPA respectfully requests that the Court hold this case in abeyance until thirty days after EPA completes its review of the challenged

actions, with status reports due every ninety days after an order granting this motion.

                                                Respectfully submitted,

                                                ADAM R.F. GUSTAFSON
                                                  *Acting Assistant Attorney General*

| *Of Counsel:* |  s/ *Brandon N. Adkins* |
|---|---|
| BRIDGET EKLUND | BRANDON N. ADKINS |
| STEVE ANDERSON | *Senior Trial Counsel* |
|    Office of the General Counsel |    Environmental Defense Section |
|    U.S. Environmental Protection Agency |    Environment and Natural Resources Division |
|    Washington, D.C. |    U.S. Department of Justice |
| |    P.O. Box 7611 |
| |    Washington, D.C. 20044 |
| |    (202) 598-9562 |
| |    Brandon.Adkins@usdoj.gov |

MAY 28, 2025

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 529 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

Dated: May 28, 2025  *s/ Brandon N. Adkins*
BRANDON N. ADKINS
Attorney for Respondents