**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

UNION CARBIDE CORPORATION,

        *Petitioner*,

        v.

U.S. ENVIRONMENTAL PROTECTION
AGENCY and LEE ZELDIN, Administrator of
the U.S. Environmental Protection Agency,

        *Respondents*.

Case No. 24-60615

**UNOPPOSED MOTION TO EXTEND ABEYANCE BY NINETY DAYS**

Respondents United States Environmental Protection Agency and

Administrator Lee Zeldin ("EPA") respectfully move to extend the abeyance of this

proceeding by an additional ninety days. The petition in this case challenges

agency action that EPA is now reconsidering. The outcome of the administrative

reconsideration process may obviate the need for judicial resolution of this

petition. Petitioner does not oppose the relief requested in this motion.

1.      The petition challenges three actions EPA took under the Toxic

Substances Control Act: (1) a supplement to a risk evaluation for 1,4-dioxane; (2) a

revised determination that 1,4-dioxane presents unreasonable risk; and (3) an order

withdrawing EPA's previous determination that certain conditions of use for

1,4-dioxane do not present unreasonable risk. 89 Fed. Reg. 89993 (Nov. 14, 2024).

2. In January 2025, the Court placed this case in abeyance to allow EPA to brief new administration officials about the case and the issues presented. ECF No. 48. EPA then decided to reconsider the agency actions that are challenged here. *See* Beck Decl. ¶ 5, ECF No. 59-2. The outcome of the administrative proceedings may impact the challenged actions. *Id.* ¶ 10. Thus, the Court granted extensions of the stay while EPA's administrative reconsideration proceeds. ECF Nos. 64, 71, 77, 83. Most recently, the Court granted EPA's unopposed motion to extend the stay by ninety days to March 30, 2026. ECF No. 83.

3. EPA's reconsideration concerns certain science issues underlying the challenged agency actions. Beck Decl. ¶ 8, ECF No. 59-2. EPA is assessing whether all relevant and available cancer mode-of-action information was reviewed in a manner consistent with EPA's *Guidelines for Carcinogen Risk Assessment* (March 2005) and incorporated into the risk evaluation challenged here. 2d Beck Decl. ¶ 4, ECF No. 65-2.

4. Over the past ninety days, EPA continued to work with a contractor with the necessary expertise to identify and review studies, reports, and documents from trusted sources to inform the cancer mode of action and dose-response assessment for 1,4-dioxane. 5th Beck Decl. ¶ 4 (attached to this motion).

5. EPA currently expects to complete the reconsideration of the cancer risk analysis by August 2026. *Id.* ¶¶ 5–7. If public comment and peer review are

necessary, EPA anticipates those processes may add another six months to the timeline. *Id.* ¶ 5.

6.	Accordingly, EPA respectfully requests that the Court extend the stay of proceedings by an additional ninety days to allow EPA to continue the reconsideration process for the agency actions challenged in this petition.

7.	This Court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 706–07 (1997); *see also Langiano v. City of Fort Worth*, 131 F.4th 285, 290 (5th Cir. 2025). An abeyance is prudent "if the public welfare or convenience will thereby be promoted." *Landis v. N. Am. Co.*, 299 U.S. 248, 256 (1936).

8.	Courts have long recognized that agencies may generally review and, if appropriate, revise their past decisions. *See, e.g.*, *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto. Ins.*, 463 U.S. 29, 42 (1983) ("[R]egulatory agencies do not establish rules of conduct to last forever, [and] an agency must be given ample latitude to adapt their rules and policies to . . . changing circumstances." (cleaned up)); *Clean Water Action v. EPA*, 936 F.3d 308, 315 (5th Cir. 2019) (citing *Nat'l Ass'n of Home Builders v. EPA*, 682 F.3d 1032, 1038, 1043 (D.C. Cir. 2012) (explaining that an agency's "reevaluation of which policy would be better in light of the facts" is "well within" its discretion and that a change in administration is a

"perfectly reasonable basis for an executive agency's reappraisal of the costs and benefits of its programs and regulations" (cleaned up)).

9.      Extending the abeyance by ninety days would continue to preserve the Court's resources. EPA's reconsideration of the agency actions challenged in this petition may obviate the need for judicial resolution of some or all the disputed issues here. Good cause thus exists for the requested abeyance. *See Sw. Elec. Power Co. v. EPA*, 920 F.3d 999, 1013 ("[W]e granted EPA's motion to sever and hold in abeyance the Industry Petitioners' and Water Company Petitioners' challenges to the final rule."); *Anchor Line Ltd. v. Fed. Mar. Comm'n*, 299 F.2d 124, 125 (D.C. Cir. 1962) ("[W]hen an agency seeks to reconsider its action, it should move the court to remand or to hold the case in abeyance pending reconsideration by the agency."); *cf. Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 70–71 (D.C. Cir. 2022) (Courts "routinely stay [their] hand when parties identify developments that are likely to render judicial resolution unnecessary.").

10.     Extending the abeyance in this case to permit EPA to continue its reconsideration of the challenged agency action also comports with this Court's practice. For example, the Court granted EPA's unopposed request for a 180-day extension of an abeyance where the petition challenged a compliance deadline set in a rule that EPA is reconsidering. *See* Order, *Denka Performance Elastomer v. EPA*, No. 24-60351 (5th Cir. June 12, 2025), ECF No. 153.

4

11.     No party would be unfairly prejudiced by a ninety-day extension of the abeyance. The challenged actions relate to an interim step of evaluating certain risks before EPA takes action to manage such risks and do not, themselves, impose direct requirements on Petitioner. Briefing has not commenced, nor has the Court scheduled oral argument. And Petitioner does not oppose the relief requested.

12.     Upon the expiration of the abeyance, EPA would again report to the Court on the progress of the reconsideration process and, as appropriate, request an additional extension of the abeyance or propose a schedule to govern future proceedings.

13.     For these reasons, EPA respectfully requests that the Court extend the abeyance of this matter by ninety days.

Respectfully submitted,

ADAM R.F. GUSTAFSON
  *Principal Deputy Assistant Attorney General*

*Of Counsel:*
BRIDGET EKLUND
JORI REILLY-DIAKUN
   Office of the General Counsel
   U.S. Environmental Protection
   Agency
   Washington, D.C.

 *s/ Brandon N. Adkins*
BRANDON N. ADKINS
   *Senior Trial Counsel*
   Environmental Defense Section
   Environment & Natural Resources
   Division
   U.S. Department of Justice
   P.O. Box 7611
   Washington, D.C.  20044
   (202) 598-9562
   Brandon.Adkins@usdoj.gov

MARCH 30, 2026

# CERTIFICATE OF COMPLIANCE

This document complies with the word limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f), this document contains 980 words.

This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.


Dated: March 30, 2026              *s/ Brandon N. Adkins*
                                   BRANDON N. ADKINS
                                   Attorney for Respondents